UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-8743-CIV-RYSKAMP
95-8094-CR-RYSKAMP

CARLOS E. SHAW,

       Petitioner,

vs.

UNITED STATES OF AMERICA,

       Defendant.

_____

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on the movant's pro se Rule 60(B)(4) and (6) Motion Attacking a Defect That Seriously Affected The Integrity of The Section 2255 Proceeding and Worked to Prevent a Merits Determination of Appellate Counsel's Performance (DE 59) and pro se Rule 15(c) Motion for Leave of Court to Amend the Ineffective Assistance of Counsel Claim Underlying Movant's Rule 60(B) Motion (DE 58), which were referred to United States Magistrate Judge, Lurana S. Snow, for report and recommendation.

On January 12, 1986, the movant was charged by Superseding Indictment with conspiracy to possess with intent to distribute cocaine and cocaine base; four counts of distributing cocaine or cocaine base; five counts of possess with intent to distribute cocaine base, and two counts of manufacturing cocaine base, in violation of 21 U.S.C. §§ 846 and 841(a)(1). The

Government sought to enhance the movant's sentence based on the movant's three prior state cocaine convictions. The amount of cocaine was not alleged in the indictment.

The movant proceeded to trial and a jury found him guilty as charged in the indictment. On May 9, 1997, the movant was sentenced to twelve concurrent life prison sentences. At the sentencing hearing, the Court found the movant responsible for 1.5 kilograms of cocaine base. Based on the statutory enhancements, the mandatory minimum prison term for each offense was life imprisonment.

The movant appealed, arguing that the trial court erred in denying his motion for new trial. The Eleventh Circuit Court of Appeals affirmed the judgment of the district court, after which the movant filed a timely motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. (DE 1)

The movant asserted two grounds for § 2255 relief: (1) his sentence was illegal because the indictment did not allege the amount of cocaine and cocaine base involved in each count, based on the Supreme Court's holding in Apprendi v. New Jersey, 530 U.S. 466 (2000), and (2) he was denied his right to effective assistance of counsel at trial because his lawyer failed to file a motion to suppress evidence seized pursuant to a search warrant and because the lawyer had a conflict of interest which prejudiced his performance at trial. In connection with the movant's Apprendi claim, the movant stated:

> Ground One was previously presented in the district court but not in the Court of Appeals. However, at the time Mr. Shaw filed his direct appeal to the Court of Appeals, it would have been frivolous to assert a claim for sentencing relief due to the omission of the amount from the indictment, and/or jury findings as to amount – given well-settled circuit precedent rejecting similar claims. In light of the Supreme Court's recent decision in *Apprendi v. New Jersey*, 2000 WL 807189 (U.S. June 26, 2000), the claim is now meritorious. Furthermore, assuming *arguendo* that making such an argument in the Court of Appeals would not have been frivolous, Mr. Shaw's appellate counsel rendered ineffective assistance of counsel in failing to raise such an argument on direct appeal.

(DE 1, Att. 4.)

An evidentiary hearing was conducted on the motion, and on May 24, 2002, the undersigned issued a Report and Recommendation recommending that the movant's § 2255 motion be denied. (DE 44) The undersigned addressed the merits of the movant's Apprendi claim, relying on the Eleventh Circuit's holdings in McCoy v. United States, 266 F.3d 1245 (11th Cir. 2001) and United States v. Hamm, 269 F.3d 1247 (11th Cir. 2001) that Apprendi did not apply retroactively. Since the movant's claim was not deemed to have been procedurally barred, there was no need to determine whether appellate counsel was ineffective in failing to preserve the Apprendi issue.[1]

---

[1] As suggested by movant's counsel in the quoted portion of the 2255 motion, a finding of ineffective assistance of counsel on appeal could have provided the requisite "cause" to excuse the movant's procedural default. United States v. Frady, 456 U.S. 152 (1983); Parks v. U.S., 832 F.2d 1244.

3

On June 10, 2002, this Court affirmed and adopted the undersigned's Report and Recommendation, and dismissed the movant's § 2255 motion. (DE 46) The movant did not appeal.[2]

In the instant motions, the movant seeks to reopen his § 2255 motion in order to consider his claim of ineffective assistance of counsel on appeal by virtue of appellate counsel's failure to preserve the sentencing issue raised at trial. The movant is correct that the ineffective assistance of counsel claim was not explicitly addressed in the undersigned's Report and Recommendation or in the district court's Order denying the petition. As noted above, since the <u>Apprendi</u> claim was denied on the merits, there was no need to determine whether appellate counsel was ineffective. Thus, an explicit finding of ineffective assistance of counsel on appeal would have no impact on this Court's prior ruling on the movant's § 2255 motion. Accordingly, it is hereby

## CONCLUSION

RECOMMENDED that the movant's pro se Rule 60(B)(4) and (6) Motion Attacking a Defect That Seriously Affected The Integrity of The Section 2255 Proceeding and Worked to Prevent a Merits Determination of Appellate Counsel's Performance (DE 59) be DENIED and pro se Rule 15(c) Motion for Leave of Court to Amend the

---

[2] The movant states that he did not appeal the denial of his motion because he could not afford to pay his counsel's fee and the jailhouse lawyer who had been assisting the movant had been transferred to another facility. (DE 59 at 6.)

Ineffective Assistance of Counsel Claim Underlying Movant's Rule 60(B) Motion (DE 58) be DENIED.

The parties will have ten days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with The Honorable Kenneth L. Ryskamp, Senior United States District Judge. Failure to file objections timely shall bar the parties from attacking on appeal factual findings contained herein. LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1998), cert. denied, 488 U.S. 958 (1988); RTC v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

DONE AND SUBMITTED at Fort Lauderdale, Florida, this 7th day of May, 2009.

LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies to:

Carlos E. Shaw, pro se
AUSA Lauren Jorgensen (WPB)